49 CCPA
**Application of Chester P. HANKUS.**
**Patent Appeal No. 6828.**

United States Court of Customs
and Patent Appeals.
July 11, 1962.

Kenneth T. Snow, Edward L. Benno, Snow & Benno, Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection of claims 2 and 3, the only remaining claims, of appellant's application [1] for reissue of Patent No. 2,889,650, for an "Artificial Tree," issued June 9, 1959, on an application filed December 12, 1956.

Claim 2 is representative and reads:

"2. An artificial tree branch construction including a strip material formed of a metal foil, said metal foil being formed to have a longitudinal securing strip along one marginal edge thereof and a plurality of foil fingers extending transversely from one side of said longitudinal securing strip, each of said foil fingers being uniformly formed, a branch rod, said strip material having its longitudinal securing strip helically wound on and adhesively secured to said branch rod causing each of the uniformly formed foil fingers to extend outwardly from said branch rod and be spaced

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of

Section 294(d), Title 28, United States Code.

1. Serial No. 840,221, filed September 14, 1959.

from one another, and each of said foil fingers substantially defining a single helix moving from a zero angle at said longitudinal securing strip to an angle of approximately ninety degrees to said longitudinal securing strip."

The references relied on below are:

| Dernehl | 1,991,602 | February 19, 1935. |
| Stratmann | 2,651,130 | September 8, 1953. |
| Gugg (Austrian) | 180,680 | June 15, 1954. |

Christmas Catalogues, Adler Jones Co., Chicago, Ill.; 1952 Edition, page 22; 1953 Edition, page 7.

---

Appellant's application relates to an artificial Christmas tree and particularly to a branch construction for use in such a tree. The branch is made up of a single straight rod about which a transversely slitted metal foil strip is helically wound so that fingers formed in the slitted strip extend outwardly in spaced relationship to one another to simulate the needles of an evergreen tree. Each foil finger is twisted about its longitudinal axis with the result that branches formed with the simulated needles have a full appearance when viewed from any direction instead of having their appearance depend on whether they are viewed from the flat side or the thin edge. A plurality of such branches are assembled on a trunk member having a plurality of spirally arranged holes adapted to receive an end of a branch rod in forming the complete tree.

The Austrian patent to Gugg discloses an artificial Christmas tree having a main trunk and a plurality of branches removably positioned in spaced holes in the trunk. Each branch is made up of a wire core about which a transversely slitted strip of plastic material or the like is wound so that fingers formed by the slits spread out from the core to simulate needles of a tree.

The Stratmann patent relates to a decorative artificial tree formed from a single sheet of a material, such as aluminum, which is malleable yet rigid enough to hold its shape after being formed. Strips of material are formed by transversely slitting the sheet on both sides of a central longitudinal portion which serves as the trunk. The strips are bent outwardly in different directions to simulate branches and are twisted throughout their length.

The Dernehl patent discloses an imitation floral piece for use as a table ornament. It is made up from a sheet of thin flexible metal slit to provide a multiplicity of narrow ribbons or streamers. The ribbons extend upwardly in a haphazard arrangement from a portion of the sheet attached to a base and are twisted spirally about their lengths.

The Adler Jones catalogues disclose artificial Christmas trees employing branches of metal fringe.

The examiner rejected the claims as unpatentable over Gugg in view of Dernehl or Stratmann, relying on the secondary references as teaching twisting the fingers of Gugg into a helix or spiral and as suggesting that the wound strips providing the fingers or needles be made of metal foil. He also referred to the Adler Jones catalogues as showing a kind of metal foil used in the field of Christmas ornamentation.

The board sustained the rejection, stating:

"* * * The branches of Stratmann are twisted as shown which obviously imparts a three dimensional aspect thereto. This would, in our opinion, suggest to one skilled in the art, twisting of the fingers of Gugg for like purpose.

"Appellant also contends that the metals of Stratmann and Dernehl cannot be construed to be 'foil.' We

note that Stratmann specifies that his sheet member, preferably aluminum is 'sufficiently malleable to serve the purpose and yet rigid enough to hold its shape after once having been formed', * * * and in our opinion appellant's 'metal foil' does not distinguish thereover except in degree if at all. We note that Stratmann's tree would 'glitter' and appear 'full' due to the twisted aluminum branches.

"Also while the fingers of Gugg do lie much closer together and more nearly parallel than do appellant's we consider such differences to be mere matters of degree and further fail to find any particular degree of spacing of the fingers, any particular length of the fingers or any specific relationship between the length of the fingers and the width of the uncut strip portion, to be set forth in the claims. We consider Dernehl to be cumulative with respect to Stratmann. * * * "

Appellant emphasizes that the strip, from which the fingers of Gugg are formed, is of plastic material, and also states that a multiple forked branch is shown in that patent in contrast to the straight branch he provides. He urges further that the fingers of Gugg "lie substantially axially of the branch rod, one on top of the other, with a resultant bushy appearance." It is also the contention of appellant that the metal of which the Dernehl and Stratmann devices are made is thicker than their "metal foil."

It is clear that the Gugg patent teaches the basic branch construction employed by appellant. Gugg demonstrates how an artificial branch may be formed by winding his strip of plastic material, with its transverse fingers, about a straight core member. The mere showing of a more complex branch of forked construction in the patent drawings does not detract from the effectiveness of that patent as a reference.

Although Gugg discloses his strip to be of "plastic material or the

like," we do not find error in the board's view that the recitation of the corresponding strip in appellant's construction as being of metal foil does not impart patentability to the claims. Not only do Stratmann and Dernehl show the use of malleable or flexible metal for decorative displays, but we take particular note of the Adler Jones reference which shows that as far back as 1952 metal fringe was used in place of plastic in artificial Christmas trees. Since appellant's parent application was filed in 1956, there can be no doubt that appellant had the benefit of that teaching "at the time the invention was made." 35 U.S.C. § 103.

We find no error in the board's statement that:

"* * * The branches of Stratmann are twisted as shown which obviously imparts a three dimensional aspect thereto. This would, in our opinion, suggest to one skilled in the art, twisting of the fingers 5 of Gugg for like purpose."

We think the board's conclusion that the prior art suggests twisting the fingers of the Gugg type of branch construction is strengthened by the express disclosure of Dernehl that:

"The appearance of the ornament may be enhanced by twisting the streamers or stems if desired."

Determination whether the twisting shall extend through ninety degrees over the length of a finger instead of some different degree is, in our opinion, nothing more than an obvious matter of choice well within the ordinary skill in the art.

We are unable to agree with appellant that he has done anything more than would be expected of one of ordinary skill in the art. Under such circumstances, he is not entitled to a patent. The decision is affirmed.

Affirmed.

MARTIN, Judge, did not sit or participate because of illness.